IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,869






EX PARTE PRESTON HUGHES, III









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

FROM CAUSE NO. 511676-C IN THE 174TH DISTRICT COURT

HARRIS COUNTY




 Per Curiam. Alcala, J., filed a concurring opinion in which Johnson, J.,
joins.


O P I N I O N



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In May 1989, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. On original
submission on direct appeal, this Court reversed applicant's conviction. However, on
rehearing, the Court affirmed applicant's conviction and sentence. Hughes v. State, 878
S.W.2d 142 (Tex. Crim. App. 1993)(op. on reh'g). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on October 21, 1990. This Court
denied applicant relief. Ex parte Hughes, No. WR-45,876-01 (Tex. Crim. App. Sept. 13,
2000)(not designated for publication). Applicant's first subsequent habeas application was
filed in the trial court on April 24, 2001, and this Court dismissed it on November 14, 2001. 
Ex parte Hughes, No. WR-45,876-02 (Tex. Crim. App. Nov. 14, 2001)(not designated for
publication). This, applicant's second subsequent habeas application, was filed in the trial
court on July 3, 2012, and received by this Court on July 25, 2012. 

 In his application, applicant raises two claims. Applicant's second claim, which is no
more than a sufficiency of the evidence claim, is dismissed. In his first claim, applicant
asserts that this Court should reverse his sentence and remand his case for a new punishment
trial "in light of recent Supreme Court decisions impacting mitigation evidence that was
presented at trial but could not have been given full effect under prior law." Because the law
regarding mitigating evidence has further developed since applicant filed his last habeas
application, we have filed and set this claim.

 In Ex parte Smith, this Court explained:

 The United States Supreme Court has established two key principles
that guide the process by which a jury may assess the death penalty. First,
while the death penalty is not per se cruel and unusual punishment in violation
of the Eighth Amendment, a jury's discretion to assess the death penalty "must
be suitably directed and limited so as to minimize the risk of wholly arbitrary
and capricious action." Second, the jury must be provided a vehicle by which
to fully consider and give effect to mitigating evidence of "the character and
record of the individual offender and the circumstances of the offense."

 

 With respect to the second principle, the Supreme Court has held that
the mitigating evidence must first be relevant. Relevant evidence in this
context is "evidence which tends logically to prove or disprove some fact or
circumstance which a fact-finder could reasonably deem to have mitigating
value." A vehicle need not be provided when the evidence has "only a tenuous
connection-'some arguable relevance'-to the defendant's culpability," but
only when the evidence "may have meaningful relevance to the defendant's
moral culpability 'beyond the scope of the special issues.'" [Abdul-Kabir v.
Quarterman, 550 U.S. 233, 253 n. 14 (2007).] Once this "low threshold for
relevance" is met, the jury must be provided an adequate vehicle by which to
fully consider and give effect to the evidence.


 At the time [Smith] was sentenced, the jury was required to answer
special issues of deliberateness, future dangerousness, and, if raised by the
evidence, provocation. The Supreme Court found that these special issues
adequately directed and limited the jury's discretion. But if a defendant
presented relevant mitigating evidence that was outside the scope of the
special issues, or that had an aggravating effect when considered within the
scope of the special issues, the special issues were a constitutionally
inadequate vehicle for the jury to fully consider and give effect to the
mitigating evidence.


(Footnotes omitted.) Smith, 309 S.W.3d 53, 55-6 (Tex. Crim. App. 2010).

 As in the Smith case, applicant's jury was required to answer special issues of
deliberateness, future dangerousness, and, if raised by the evidence, provocation. However,
unlike the mitigation evidence presented in Smith, the evidence in the instant case is not two-edged. All of the evidence applicant presented consisted of good behavior/good character
evidence. Both the United States Supreme Court and this Court have said that this type of
evidence can be given effect by answering the future dangerousness issue "no." The
evidence is not outside the scope of the special issues given, nor does it have an aggravating
effect when considered within the scope of the special issues. Thus, applicant is not
constitutionally entitled to a separate jury instruction at the punishment phase of trial. See,
e.g., Penry v. Lynaugh, 492 U.S. 302 (1989), and Ex parte Jones, No. AP-75,896 (Tex. Crim.
App. June 10, 2009)(not designated for publication)(holding that youth and positive personal
characteristics are the sorts of evidence which can be considered within the scope of the
former special issues - no Penry issue required). Accordingly, the relief applicant seeks is
denied. 


Delivered: August 29, 2012

Do Not Publish